UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
_____

TAYE L. ELLEBY,

                                   Plaintiff,

                    v.                                          9:17-CV-1216
                                                               (GTS/DJS)

JOHN DOE, et al.,

                                   Defendants.
_____

APPEARANCES:

TAYE L. ELLEBY
14-A-1409
Plaintiff, pro se
Elmira Correctional Facility
P.O. Box 500
Elmira, NY 14902


GLENN T. SUDDABY
Chief United States District Judge

## DECISION AND ORDER

## I.      INTRODUCTION

        The Clerk has sent to the Court for review a third amended complaint submitted by pro

se plaintiff Taye L. Elleby asserting claims pursuant to 42 U.S.C. § 1983 ("Section 1983").

Dkt. No. 19 ("TAC").  By Decision and Order filed May 24, 2018, and following review of the

second amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b),

the Court found that it was subject to dismissal for failure to state a claim upon which relief

may be granted. Dkt. No. 16 (the "May 2018 Order").[1] In light of his pro se status, plaintiff was afforded an opportunity to submit a third amended complaint. *Id.* at 13-14.

Presently before the Court is plaintiff's third amended complaint. *See* TAC.

## II. SUMMARY AND REVIEW OF THE THIRD AMENDED COMPLAINT

The legal standard governing the dismissal of a pleading for failure to state a claim pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) was discussed at length in the February 2018 Order and will not be restated in this Decision and Order. *See* February 2018 Order at 12-14.

In his second amended complaint, plaintiff asserted claims against defendants Jane Doe, John Doe, and Doctor Lee based on their alleged failure to provide him with adequate medical treatment for genital herpes between May or June 2014 and 2016, while plaintiff was incarcerated at Coxsackie Correctional Facility ("Coxsackie C.F."). *See generally*, Dkt. No. 11 ("SAC"). Plaintiff alleged that he complained to each of these defendants at unidentified times between 2014 and 2016 about pain in his genital area, and that he was treated with hydrocortisone instead of being tested for a sexually transmitted disease and HIV as he had requested. *Id.* at 2-3. Plaintiff further alleged that, after his condition worsened in "early 2016," he was tested for genital herpes. *Id.*

The Court construed the second amended complaint to assert Eighth Amendment medical indifference claims against each of the defendants, and dismissed these claims without prejudice, finding that the second amended complaint failed to allege facts plausibly

---

[1] By Decision and Order filed February 13, 2018, the Court reviewed and dismissed plaintiff's amended complaint pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b). Dkt. No. 10 ("February 2018 Order"). In the February 2018 Order, the Court also severed and transferred plaintiff's claims against Doe defendants from Rikers Island to the Southern District of New York, and plaintiff's claims against Doe defendants from Elmira Correctional Facility to the Western District of New York.

suggesting that any defendant acted with deliberate indifference to plaintiff's serious medical needs. *See* May 2018 Order at 4-13.

Plaintiff has submitted a third amended complaint which re-asserts Eighth Amendment claims against the same defendants based on allegations similar to those made in the second amended complaint, with a few noteworthy additions. *Compare* SAC *with* TAC. First, plaintiff alleges that after he was originally seen by defendant Lee in 2014, he "kept going to sick call" because of pain he was experiencing, where he was "at times seen" by each of the defendants. *See* TAC at 2. Second, he alleges that, over a two year period, he "constantly requested testing for HIV and any and all STD's but was not tested." *Id.* Plaintiff also repeats his allegation that, after his conditioned worsened, he was seen by defendants John Doe and Lee, and tested for genital herpes, which he now alleges occurred in March 2016. *Id.* at 2-3.

In addition, the third amended complaint names as defendants (1) the City of New York, based on allegations that it "is legally responsible for the overall operation of the Department of Corrections and each institution under its jurisdiction," and (2) John Doe grievance supervisor at Coxsackie Correctional Facility (hereinafter, "John Doe #2"), based on allegations that plaintiff "was not called for his grievances" filed against defendants Jane Doe, John Doe, and Doctor Lee. *See* TAC at 1-2.

Plaintiff seeks monetary relief, and has sued the defendants in their individual and official capacities. *See* TAC at 2, 4.

As an initial matter, it is well established that New York City agencies, such as the Department of Correction, are not suable entities. *See* N.Y. City Charter Ch. 17 § 396 ("All actions and proceedings for the recovery of penalties for the violation of any law shall be brought in the name of the City of New York and not in that of agency, except where

3

otherwise provided by law"); *Green v. City of New York Dep't of Corr.*, No. 06-CV- 4978, 2008 WL 2385402, at *4 (S.D.N.Y. June 19, 2008) (dismissing the New York City Department of Correction as a defendant because it is a non-suable entity); *Marcello v. Dep't of Corr.*, No. 07-CV-9665, 2008 WL 2951917, at *4 (S.D.N.Y. July 30, 2008) (under the New York City Charter, agencies of the City are immune from suit); *Echevarria v. Dep't of Corr. Servs. of N.Y. City*, 48 F. Supp. 2d 388, 391 (S.D.N.Y. 1999) (holding that the New York City Department of Correction is not a suable entity). Moreover, there is no plausible claim in the third amended complaint that the alleged actions of state actors from Coxsackie C.F. were the result of a municipal policy or practice of the City of New York. Therefore, there can be no liability here against the City of New York, since there is no respondeat superior liability under federal civil rights statutes. *See Monell v. City of New York Dep't of Social Servs.*, 436 U.S. 658, 691 (1978). Accordingly, plaintiff's claims against the City of New York are subject to dismissal for pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for plaintiff's failure to state a claim upon which relief may be granted.

With regard to plaintiff's claims against John Doe #2, "[t]he law is well-settled that inmates do not have a constitutional right to grievance procedures[, and] . . . do not enjoy a constitutional right to an investigation of any kind by government officials." *Pine v. Seally*, No. 9:09-CV-1198 (DNH/ATB), 2011 WL 856426, at *8-9 (N.D.N.Y. Feb. 4, 2011); *see also Shell v. Brzezniak*, 365 F. Supp. 2d 362, 369-70 (W.D.N.Y. 2005) ("[i]nmate grievance programs created by state law are not required by the Constitution and consequently allegations that prison officials violated those procedures does not give rise to a cognizable § 1983 claim"). Thus, plaintiff's claim against defendant John Doe #2 based on his failure to "call [plaintiff] for his grievances" must be dismissed pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.

Lastly, as with the second amended complaint, the third amended complaint is devoid of any allegations which plausibly suggest that either of defendants Jane Doe, John Doe, or Doctor Lee acted with deliberate indifference to plaintiff's medical needs between 2014 and March 2016. To the contrary, the allegations in the third amended complaint plausibly suggest that plaintiff was regularly seen for his genital pain by medical personnel, including the defendants, during this time.[2] Moreover, the third amended complaint does not contain any non-conclusory allegations that plaintiff sought and was refused medical treatment at any point between 2014 and March 2016. Nor does the third amended complaint contain any allegations which plausibly suggest that any of the defendants knew that plaintiff's condition had worsened between 2014 and March 2016, despite the treatment he was receiving, yet failed to take corrective action. *See Houston v. Collerman*, No. 9:16-CV-1009 (BKS/ATB), 2016 WL 6267968, at *6 (N.D.N.Y. Oct. 26, 2016) (dismissing medical indifference claim based on alleged treatment delay where plaintiff failed to allege "that his condition deteriorated during that time" or "that he sought and was refused medical treatment during [the delay,]" noting, based on the absence of such allegations, that "[t]he complaint lacks any facts to plausibly suggest that any defendant knew of the severity of plaintiff's injury and the risk posed by any delay in his treatment").

Instead, plaintiff's claims against defendants Jane Doe, John Doe, and Doctor Lee appear to be based solely on his dissatisfaction with not receiving the testing that he sought for a two-year period. As noted in the May 2018 Order, "[i]t is well-established that mere disagreement over the proper treatment does not create a constitutional claim." *Chance v.*

---

[2] Based on the allegations in the second amended complaint, plaintiff was apparently treated with medication "sim[i]lar to" hydrocortisone during this time. *See* SAC at 2.

*Armstrong*, 143 F.3d 698, 703 (2d Cir. 1998); *Beaver v. Dippert*, No. 9:17-CV-550

(MAD/DEP), 2017 WL 3917037, at *3 (N.D.N.Y. Sept. 6, 2017) ("A professional decision not

to administer a specific medical test, regardless of a prisoner's disagreement, is an example

of the type of medical judgment that is given judicial deference."); *see also Hampton v.*

*Daviess Cty. Det. Ctr.*, No. 12-CV-125, 2012 WL 5921163, at *2 (W.D. Ky. Nov. 26, 2012)

("The fact that some months [after plaintiff requested to be tested for an STD] it appears that

he was tested for and diagnosed with scabies does not transform Plaintiff's disagreement

with Defendants' prior diagnosis and treatment plan into a constitutional issue. Moreover,

even if the failure to test for scabies earlier could be considered malpractice, '[m]edical

malpractice does not become a constitutional violation merely because the victim is a

prisoner.'" (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).  Thus, plaintiff has failed to

satisfy the subjective prong of his medical indifference claims against defendants Jane Doe,

John Doe, and Doctor Lee.  Accordingly, these claims are dismissed pursuant to 28 U.S.C. §

1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be

granted.[3]

---

[3] To the extent plaintiff has attempted to sue these defendants, or defendant John Doe #2, in their official capacities, plaintiff's claims are also barred by the Eleventh Amendment. *See Will v. Mich. Dep't. of State Police*, 491 U.S. 58, 71 (1989) ("[A] suit against a state official in his or her official capacity is not a suit against the official but rather is a suit against the official's office. . . . As such, it is no different from a suit against the State itself."); *Kentucky v. Graham*, 473 U.S. 159, 169 (1985) (a claim for damages against state officials in their official capacity is considered to be a claim against the State and is therefore barred by the Eleventh Amendment); *Ying Jing Gan v. City of New York*, 996 F.2d 522, 529 (2d Cir. 1993) ("To the extent that a state official is sued for damages in his official capacity, such a suit is deemed to be a suit against the state, and the official is entitled to invoke the Eleventh Amendment immunity belonging to the state."); *Severino v. Negron*, 996 F.2d 1439, 1441 (2d Cir. 1993) ("[I]t is clear that the Eleventh Amendment does not permit suit [under Section 1983] for money damages against state officials in their official capacities.").

## III.    CONCLUSION

In short, after reviewing plaintiff's third amended complaint, and according it the utmost liberality in light of his pro se status, the Court is not able to discern either a factual or legal basis for this action.  For all of the reasons set forth herein and in the May 2018 Order, and because plaintiff has already had two opportunities to amend his claims, this action is dismissed with prejudice pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for plaintiff's failure to state a claim upon which relief may be granted.[4]

**WHEREFORE**, it is hereby

**ORDERED** that the Clerk shall add the City of New York and "John Doe Grievance Supervisor, Coxsackie Correctional Facility" as defendants; and it is further

**ORDERED** that this action alleging federal claims under Section 1983 is **DISMISSED with prejudice** pursuant to 28 U.S.C. § 1915(e)(2)(B) and 28 U.S.C. § 1915A(b) for failure to state a claim upon which relief may be granted.[5]  The Clerk is directed to terminate all of the defendants and close this case; and it is further

---

[4]  Although plaintiff's federal constitutional claims are dismissed with prejudice, plaintiff is free to pursue any available state law claims in the appropriate state court.

[5]  Generally, when a district court dismisses a *pro se* action *sua sponte*, the plaintiff will be allowed to amend his action.  *See Gomez v. USAA Fed. Savings Bank*, 171 F.3d 794, 796 (2d Cir. 1999).  However, an opportunity to amend is not required where the plaintiff has already been afforded the opportunity to amend.  *See Shuler v. Brown*, No. 9:07-CV-0937 (TJM/GHL), 2009 WL 790973, at *5 & n.25 (N.D.N.Y. March 23, 2009) ("Of course, an opportunity to amend is not required where the plaintiff has already amended his complaint."), *accord*, *Smith v. Fischer*, No. 9:07-CV-1264 (DNH/GHL), 2009 WL 632890, at *5 & n.20 (N.D.N.Y. March 9, 2009); *Abascal v. Hilton*, No. 9:04-CV-1401 (LEK/GHL), 2008 WL 268366, at *8 (N.D.N.Y. Jan.13, 2008); *see also Yang v. New York City Trans. Auth.*, 01-CV-3933, 2002 WL 31399119, at *2 (E.D.N.Y. Oct. 24, 2002) (denying leave to amend where plaintiff had already amended complaint once); *Advanced Marine Tech. v. Burnham Sec ., Inc.*, 16 F. Supp. 2d 375, 384 (S.D.N.Y. 1998) (denying leave to amend where plaintiff had already amended complaint once); *cf. Foman v. Davis*, 371 U.S. 178, 182 (1962) (denial of leave to amend not abuse of discretion movant has repeatedly failed to cure deficiencies in pleading).

**ORDERED** that the Clerk serve a copy of this Decision and Order on plaintiff.

**IT IS SO ORDERED**.

Dated:     August 7, 2018
           Syracuse, NY

_____
Hon. Glenn T. Suddaby
Chief U.S. District Judge